UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
– – – – – – – – – – – – – – – – – – – – – – – – – – – – x
                                                   :
ASSOCIATED BANK, N.A.,                             :        Civil Action No.
A NATIONAL BANKING ASSOCIATION,                    :
                                                   :
                        Plaintiff,                 :        COMPLAINT
                                                   :
            - against -                            :
                                                   :
ARCARIUS LLC,                                      :
                                                   :
                        Defendant.                 :
– – – – – – – – – – – – – – – – – – – – – – – – – – – – x

## COMPLAINT

Plaintiff Associated Bank, N.A. ("Plaintiff"), by and through its undersigned attorneys, as and for its Complaint against Defendant Arcarius LLC ("Defendant"), hereby alleges as follows:

## I.

## INTRODUCTION

1.      This dispute arises from Defendant's knowing and intentional interference with Plaintiff's perfected security interest in the assets of PacTrans Air & Sea, Inc. ("PacTrans"). In 2016, Plaintiff obtained a perfected security interest in PacTrans' assets and recorded public notice of that interest. Despite that such public notice was readily available, and despite that Defendant was aware of Plaintiff's security interest, in or about May 2017, Defendant – a merchant lender – entered into a contract with PacTrans which purported to grant Defendant priority rights with respect to certain PacTrans assets, and Defendant thereafter took possession of, and refused to turn over, those assets which were legally *Plaintiff's security* and to which Plaintiff has a superior right of possession. Defendant's actions, in knowingly and intentionally depriving Plaintiff of its security and its right to possession of PacTrans' assets, are wholly inappropriate. Plaintiff thus seeks relief based on this misconduct.

## II.

## PARTIES

2.      Plaintiff Associated Bank, N.A. is a nationally chartered bank with its principal place of business in Green Bay, Wisconsin.

3.      Defendant Arcarius LLC is a Delaware limited liability company which is registered to do business and, upon information and belief, does business in New York, is domiciled in New York, and is a resident of New York.

## III.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this lawsuit pursuant to 28 U.S.C. §§ 1332 and 1441 because this is a civil action between citizens of different States in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      This Court has personal jurisdiction over Defendant because it registered to do business in the State of New York, has transacted business in this judicial district, is domiciled in this judicial district, is a resident of this judicial district, and its actions that are the subject of this Complaint took place, in significant part, in New York.

6.      Pursuant to 28 U.S.C. § 1391, venue is proper in this judicial district because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

## IV.

## FACTUAL BACKGROUND

A.      **Plaintiff Obtains a Perfected Security Interest in PacTrans' Assets in 2016**

7.      On October 6, 2016, Plaintiff entered into and executed that certain Loan and Security Agreement ("Original Loan Agreement"), as lender, with third-parties PacTrans Air &

Sea, Inc. ("PacTrans") and Pon Group, LLC ("Pon Group," and together with PacTrans, "Borrowers"), as borrowers. A true and accurate copy of the Original Loan Agreement is attached hereto as **Exhibit 1** and incorporated herein.

8.    On or about November 27, 2017, Plaintiff, Borrowers and certain other parties entered into and executed that certain Amendment to Loan and Security Agreement and Reaffirmation of Guaranties, which was made effective by its terms as of September 30, 2017, which, among other things, amended the Original Loan Agreement as set forth therein ("Amendment," and together with the Original Loan Agreement, "Loan Agreement"). A true and accurate copy of the Amendment is attached hereto as **Exhibit 2** and incorporated herein.

9.    Pursuant to the Loan Agreement, among other things, Plaintiff agreed to make certain revolving loans to PacTrans ("Revolving Loans") as well as a separate term loan in the amount of $350,000 ("Term Loan," and together the Revolving Loans, the "Loans").

10.    As evidence of the Revolving Loans, on October 6, 2016, PacTrans executed in favor of Plaintiff that certain Revolving Note dated October 6, 2016 ("Revolving Note"). A true and accurate copy of the Revolving Note is attached hereto as **Exhibit 3** and incorporated herein.

11.    As evidence of the Term Loan, on November 27, 2017, PacTrans executed in favor of Plaintiff that certain Term Note dated November 27, 2017 ("Term Note," and together with the Revolving Note, the "Notes"). A true and accurate copy of the Term Note is attached hereto as **Exhibit 4** and incorporated herein.

12.    As security for the Notes, among other things, PacTrans granted to Plaintiff in the Loan Agreement a continuing security interest in PacTrans' assets, including, without limitation, PacTrans' accounts, deposit accounts, instruments, inventory, money, and all other personal assets and property ("Security Interest").

13.     On or about, October 6, 2016, Plaintiff filed a UCC Financing Statement with respect to the Security Interest with the Illinois Secretary of State ("Financing Statement").  A true and accurate copy of the Financing Statement is attached hereto as **Exhibit 5** and incorporated herein.

14.     As further security for the Notes, as well as the Security Interest, PacTrans explicitly agreed to numerous additional terms and provisions in the Loan Agreement, including, without limitation, its agreement in Section 12.13 thereof not to grant a security interest in or encumber its assets, or sell its accounts, except to Plaintiff.

15.     As further security for the Notes, as well as the Security Interest, PacTrans agreed to numerous negative covenants in Section 13 of the Loan Agreement, including, without limitation, (a) covenants not to create, incur, assume or suffer to exist any debt, and (b) covenants not to create or permit to exist any lien of whatever nature on its assets.

16.     As further security for the Notes, as well as the Security Interest, PacTrans agreed in Section 13.9 of the Loan Agreement, among other things, not to enter into any agreement which would be violated or breached as a result of PacTrans' performance of the Loan Agreement or any related loan document.

**B.      PacTrans Defaults on its Loans from Plaintiff**

17.     PacTrans defaulted under the Revolving Loans by its failure to make certain monthly payments to Plaintiff due under the Revolving Note.

18.     PacTrans further defaulted under the Revolving Loans by its failure to make payment to Plaintiff of all outstanding amounts due and owing under the Revolving Note as required thereunder upon its maturity.

19.     PacTrans defaulted under the Term Loan by its failure to make certain monthly payments to Plaintiff due under the Term Note.

20.     On or about January 31, 2018, Plaintiff initiated an action in the Circuit Court of the 18th Judicial Circuit, DuPage County, Illinois, against, among others, PacTrans, alleging, among other things, breach of the Revolving Note and of the Term Note ("PacTrans Lawsuit").

21.     On July 26, 2018, the Honorable Judge Bonnie M. Wheaton entered an Order in the PacTrans Lawsuit which, among other things, awarded judgment to Plaintiff against PacTrans on its breach claims against PacTrans ("PacTrans Judgment").  A true and accurate copy of the PacTrans Judgment is attached hereto as **Exhibit 6** and incorporated herein.

**C.**     **Plaintiff Continues to be Owed Millions of Dollars by PacTrans**

22.     The PacTrans Judgment adjudged that, as of July 18, 2016, PacTrans owed Plaintiff the sum of $8,525,136.68.

23.     As of May 6, 2019, the sum of at least approximately $3,078,000.00 remains due and owing from PacTrans to Plaintiff under the PacTrans Judgment, together with post-judgment interest accrued thereon.

24.     Upon information and belief, PacTrans does not currently have in its possession any additional assets with which to make payment to Plaintiff.

25.     Upon information and belief, PacTrans is no longer an actively operating entity.

26.     Upon information and belief, Defendant has improperly taken possession of assets and accounts of PacTrans which are part of Plaintiff's Security Interest, and thereby deprived Plaintiff of additional recovery of amounts owed to it under the PacTrans Judgment.

**D.**     **Defendant Improperly Takes Possession and Control of Plaintiff's Security**

27.     Upon information and belief, Defendant is a merchant lender which, among other things, engages in transactions whereby it purchases from distressed companies their present and future accounts, receivables, contract rights and obligations owed to them by customers or third parties.

28.     Upon information and belief, on or about May 25, 2017, Defendant entered into a Purchase and Sale Agreement for Future Receivables with PacTrans (the "PacTrans Receivables Agreement") pursuant to which it purported to purchase from PacTrans the sum of One Million Four Hundred Seventy Five Thousand Eight Hundred Twenty Five and 39/100 Dollars ($1,475,825.39) of PacTrans' "future accounts and contract rights and other obligations arising from or relating to each payment of money from [PacTrans'] customers or from third party payors … ."   A true and accurate copy of the PacTrans Receivables Agreement, upon information and belief, is attached hereto as **Exhibit 7**.

29.     PacTrans' entry into the PacTrans Receivables Agreement amounted to a breach of the Original Loan Agreement by PacTrans, including, without limitation, breaches of Sections 8, 12.13, 13.1, 13.2 and 13.9 of the Original Loan Agreement.

30.     PacTrans' entry into the PacTrans Receivables Agreement amounted to a breach of the Loan Agreement by PacTrans, including, without limitation, breaches of Sections 8, 12.13, 13.1, 13.2 and 13.9 of the Loan Agreement.

31.     At all relevant times, including at the time Defendant entered into the PacTrans Receivables Agreement, Defendant was aware or otherwise had notice that PacTrans was an Illinois corporation.

32.     At all relevant times, including at the time Defendant entered into the PacTrans Receivables Agreement, Defendant was aware or otherwise had notice of the Financing Statement.

33.     At all relevant times, including at the time Defendant entered into the PacTrans Receivables Agreement, Defendant was aware or otherwise had notice of the Security Interest.

34.     At all relevant times, including at the time Defendant entered into the PacTrans Receivables Agreement, Defendant was aware or otherwise had notice that PacTrans was a party to a security agreement in favor of Plaintiff.

35.     At all relevant times, including at the time Defendant entered into the PacTrans Receivables Agreement, Defendant was aware or otherwise had notice that PacTrans' entry into the PacTrans Receivables Agreement would amount to a breach of one or more of PacTrans' contractual obligations to Plaintiff.

36.     At all relevant times, including at the time Defendant entered into the PacTrans Receivables Agreement, Defendant was aware or otherwise had notice that performance under the PacTrans Receivables Agreement would amount to a breach of one or more of PacTrans' contractual obligations to Plaintiff.

37.     As a result of the PacTrans Receivables Agreement, Defendant came into possession of monies from PacTrans and/or creditors of PacTrans representing PacTrans accounts, receivables, contract rights and/or obligations owed to it, including, without limitation, accounts receivable (collectively, "Converted PacTrans Assets").

38.     Upon information and belief, the Converted PacTrans Assets aggregated to an amount to be determined at trial, but believed to be well in excess of $500,000 and in no circumstances less than $75,000.

**V.**

**CAUSES OF ACTION**

**COUNT I**
**CONVERSION**

39.     Plaintiff repeats and realleges Paragraphs 1 through 38 above as if fully alleged herein.

40.     Plaintiff has a perfected secured interest in the Converted PacTrans Assets.

41.     Plaintiff has a right with respect to the Converted PacTrans Assets, including, without limitation, a right to possession of the Converted PacTrans Assets.

42.     Plaintiff has an absolute and unconditional right to the immediate possession of the Converted PacTrans Assets.

43.     Plaintiff has made a demand for possession of the Converted PacTrans Assets from Defendant.

44.     Defendant has failed to provide possession of the Converted PacTrans Assets to Plaintiff.

45.     Defendant has wrongfully and without authorization assumed control, dominion, and/or ownership over the Converted PacTrans Assets.

46.     Defendant's assumption of control, dominion and/or ownership over the Converted PacTrans Assets is in derogation and violation of Plaintiff's rights.

47.     Defendant's assumption of control, dominion and/or ownership over the Converted PacTrans Assets is to the exclusion of Plaintiff's rights.

48.     Defendant has wrongfully deprived Plaintiff of the Converted PacTrans Assets.

49.     Defendant's deprivation of the Converted PacTrans Assets from Plaintiff is in derogation and violation of Plaintiff's rights.

50.     Defendant's deprivation of the Converted PacTrans Assets from Plaintiff is to the exclusion of Plaintiff's rights.

51.     Defendant's assumption of control, dominion and/or ownership over the Converted PacTrans Assets was and remains willful, in conscious disregard of Plaintiff's rights, wanton, reckless and/or done with malice.

## COUNT II
## TORTIOUS INTERFERENCE WITH BUSINESS CONTRACT

52.     Plaintiff repeats and realleges Paragraphs 1 through 38 above as if fully alleged herein.

53.     At all relevant times since October 6, 2016, Plaintiff has had a valid and enforceable contract with PacTrans, including, without limitation, the Original Loan Agreement.

54.     At all times relevant hereto, the Original Loan Agreement was a valid and enforceable contract.

55.     At the time Defendant and PacTrans entered into the PacTrans Receivables Agreement, the Original Loan Agreement was a valid and enforceable contract.

56.     Upon information and belief, at the time Defendant entered into the PacTrans Receivables Agreement and all times thereafter, Defendant was aware of the contractual relationship between Plaintiff and PacTrans.

57.     Upon information and belief, at all times that Defendant took and/or maintained possession of any portion(s) of the PacTrans Receivables, Defendant was aware of the contractual relationship between Plaintiff and PacTrans.

58.     Upon information and belief, at the time Defendant entered into the PacTrans Receivables Agreement and all times thereafter, Defendant was aware of the Original Loan Agreement.

59.     Upon information and belief, at all times that Defendant took and/or maintained possession of any portion(s) of the PacTrans Receivables, Defendant was aware of the Original Loan Agreement.

60.     Upon information and belief, at the time Defendant entered into the PacTrans Receivables Agreement and all times thereafter, Defendant was aware of the Security Interest.

61.     Upon information and belief, at all times that Defendant took and/or maintained possession of any portion(s) of the PacTrans Receivables, Defendant was aware of the Security Interest.

62.     PacTrans breached its contractual relationship with Plaintiff.

63.     PacTrans breached the Original Loan Agreement, including, without limitation, Sections 8, 12.13, 13.1, 13.2 and 13.9 thereof.

64.     PacTrans breached the Loan Agreement, including, without limitation, Sections 8, 12.13, 13.1, 13.2 and 13.9 thereof.

65.     Defendant unjustifiably induced PacTrans to breach its contractual relationship with Plaintiff.

66.     Upon information and belief, Defendant intentionally procured PacTrans' breach of its contractual relationship with Plaintiff.

67.     Defendant unjustifiably induced PacTrans to breach the Original Loan Agreement.

68.     Upon information and belief, Defendant intentionally procured PacTrans' breach

of the Original Loan Agreement, including, without limitation, Sections 8, 12.13, 13.1, 13.2 and 13.9 thereof.

69.     Defendant unjustifiably induced PacTrans to breach the Loan Agreement.

70.     Upon information and belief, Defendant intentionally procured PacTrans' breach of the Loan Agreement, including, without limitation, Sections 8, 12.13, 13.1, 13.2 and 13.9 thereof.

71.     Defendant's taking and/or receipt of the PacTrans Receivables interfered with Plaintiff's contractual rights, including, without limitation, its Security Interest.

72.     Defendant's continued possession of the PacTrans Receivables interfered with Plaintiff's contractual rights, including, without limitation, its Security Interest.

73.     Defendant's refusal to turn over the PacTrans Receivables interfered with Plaintiff's contractual rights, including, without limitation, its Security Interest.

74.     Plaintiff has been damaged by Defendant's interference with its contractual rights, including, without limitation, its Security Interest, including that Plaintiff has been unable to recover its security for PacTrans' substantial unpaid debt to Plaintiff.

75.     Plaintiff has been further damaged by Defendant's interference with its contractual rights, including, without limitation, its Security Interest, including that Plaintiff has been deprived of the benefit of its contractual bargain with PacTrans, including its bargained-for security.

76.     Defendant's intentional interference with Plaintiff's contractual rights was and remains willful, in conscious disregard of Plaintiff's rights, wanton, reckless and/or done with malice.

## COUNT III
## DETINUE

77.     Plaintiff repeats and realleges Paragraphs 1 through 38 above s if fully alleged herein.

78.     Plaintiff has a perfected secured interest in the Converted PacTrans Assets.

79.     Plaintiff has a right to the Converted PacTrans Assets, including, without limitation, a right to possession thereof.

80.     Plaintiff's right to the Converted PacTrans Assets, including, without limitation, its right to possession thereof, is superior to any and all rights of Defendant with respect to the Converted PacTrans Assets.

81.     Plaintiff has demanded possession of the Converted PacTrans Assets from Defendant.

82.     Defendant has failed to provide possession of the Converted PacTrans Assets to Plaintiff.

83.     Defendant continues to possess and/or detain the Converted PacTrans Assets.

84.     Defendant's possession and/or detention of the Converted PacTrans Assets is wrongful.

85.     Defendant's possession and/or detention of the Converted PacTrans Assets is in derogation and violation of Plaintiff's rights.

86.     Defendant's possession and/or detention of the Converted PacTrans Assets is to the exclusion of Plaintiff's rights.

87.     Defendant wrongfully detains from Plaintiff all accounts of PacTrans with respect to which it has taken possession and/or control.

88.     Plaintiff claims a return of the Converted PacTrans Assets, including, without limitation, all accounts of PacTrans, or judgment for the value of the Converted PacTrans Assets in a sum to be determined at trial, plus damages for Defendant's wrongful possession, plus costs.

**COUNT IV**
**REPLEVIN**
(In the Alternative to Count III)

89.     Plaintiff repeats and realleges Paragraphs 1 through 38 above as if fully alleged herein.

90.     Plaintiff has a perfected secured interest in the Converted PacTrans Assets.

91.     Plaintiff has a right to the Converted PacTrans Assets, including, without limitation, a right to possession thereof.

92.     Plaintiff's right to the Converted PacTrans Assets, including, without limitation, its right to possession thereof, is superior to any and all rights of Defendant with respect to the Converted PacTrans Assets.

93.     Plaintiff has demanded possession of the Converted PacTrans Assets from Defendant.

94.     Defendant has failed to provide possession of the Converted PacTrans Assets to Plaintiff.

95.     Defendant continues to possess and/or detain the Converted PacTrans Assets.

96.     Defendant's possession and/or detention of the Converted PacTrans Assets is wrongful.

97.     Defendant's possession and/or detention of the Converted PacTrans Assets is in derogation and violation of Plaintiff's rights.

98.     Defendant's possession and/or detention of the Converted PacTrans Assets is to the exclusion of Plaintiff's rights.

99.     Defendant wrongfully detains from Plaintiff the Converted PacTrans Assets.

100.    Defendant wrongfully detains from Plaintiff all accounts of PacTrans with respect to which it has taken possession and/or control.

101.    Plaintiff claims a return of the Converted PacTrans Assets, including, without limitation, all accounts of PacTrans, or judgment for the value of the Converted PacTrans Assets in a sum to be determined at trial, plus damages for Defendant's wrongful possession, plus costs.

**WHEREFORE**, Plaintiff respectfully requests that:

(i)     judgment be entered in its favor and against Defendant on Count I of the Complaint, in an amount to be proven at trial, but in no circumstances less than $75,000.00 plus pre-judgment and post-judgment interest allowed by law, reasonable attorneys' fees, costs and punitive damages;

(ii)    judgment be entered in its favor and against Defendant on Count II of the Complaint, in an amount to be proven at trial, but in no circumstances less than $75,000.00 plus pre-judgment and post-judgment interest allowed by law, reasonable attorneys' fees, costs and punitive damages;

(iii)   judgment be entered in its favor and against Defendant on Count III of the Complaint, finding and declaring that Plaintiff has superior rights, title and interest in the Converted PacTrans Assets, ordering the return from Defendant to Plaintiff of the Converted PacTrans Assets and/or the Converted PacTrans Assets' value, plus damages for Defendant's wrongful detention of the Converted

PacTrans Assets, and awarding Plaintiff all pre-judgment and post-judgment interest allowed by law, reasonable attorneys' fees and costs; or

(iv)     in the alternative to Count III, judgment be entered in Plaintiff's favor and against Defendant on Count IV of the Complaint, finding and declaring that Plaintiff has superior rights, title and interest in the Converted PacTrans Assets, ordering the return from Defendant to Plaintiff of the Converted PacTrans Assets and/or the Converted PacTrans Assets' value, plus damages for Defendant's wrongful detention of the Converted PacTrans Assets, and awarding Plaintiff all pre-judgment and post-judgment interest allowed by law, reasonable attorneys' fees and costs; and

(v)     Plaintiff be granted such other and further relief, at law or in equity, as this Court deems just and proper.

Dated: New York, NY
          May 20, 2019                              Respectfully submitted,

                                                    By:      /s/ *Laurie Belony*
                                                             Laurie Belony
                                                    **BRYAN CAVE LEIGHTON PAISNER LLP**
                                                    1290 Avenue of the Americas
                                                    New York, New York 10104
                                                    (212) 541-2000 – phone
                                                    (212) 541-4630 – fax
                                                    Laurie.belony@bclplaw.com

                                                    **- AND -**

                                                    By:      /s/ *Steven R. Rogovin*
                                                    Steven R. Rogovin
                                                    **MELTZER PURTILL & STELLE LLP**
                                                    300 South Wacker Drive, Suite 2300
                                                    Chicago, Illinois 60606
                                                    (312) 987-9900 – phone
                                                    (312) 987-9854 – fax
                                                    srogovin@mpslaw.com
                                                    ***Co-Counsel to Plaintiff Associated Bank, N.A.***